IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KAREEM AL-JAMAL YOUNG, ) | |
|     Petitioner, ) | Case No. 7:23-cv-00388 |
| v. ) | |
| ) | By: Michael F. Urbanski |
| WARDEN J.C. STREEVAL, ) | Chief United States District Judge |
|     Respondent. ) | |

## MEMORANDUM OPINION

Kareem Al-Jamal Young, a federal inmate proceeding pro se, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Young challenges the validity of a sentence imposed in the United States District Court for the Northern District of Alabama. For the reasons set forth below, the petition is **DISMISSED** without prejudice for lack of jurisdiction.

## Background

On November 29, 2017, a federal grand jury in the Northern District of Alabama returned an indictment against Young that charged him with possession of a firearm after having been convicted of crimes punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1). See United States v. Young, No. 7:17-cr-00522, ECF No. 1 (N.D. Ala.). Young was found to qualify for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). On May 25, 2021, he was sentenced to a term of imprisonment of 188 months. Young, No. 17-cr-00522, ECF No. 135 (N.D. Ala.). His direct appeal is still pending before the United States Court of Appeals for the Eleventh Circuit. See United States v. Young, No. 21-11907 (11th Cir.)

Young is presently incarcerated at USP Lee in Lee County, Virginia. He filed the pending petition on July 5, 2023. In the petition, Young seeks to vacate his sentence on the basis that one of his prior convictions does not qualify as a predicate offense under the ACCA, rendering his enhanced sentence invalid.

## Discussion

"In general, a petition for writ of habeas corpus under § 2241 is reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); see also In re Vial, 115 F.3d 1192, 1195 n.5 (4th Cir. 1997) (noting that "attacks on the execution of a sentence are properly raised in a § 2241 petition"). "Those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate their sentence pursuant to 28 U.S.C. § 2255." United States v. Ferguson, 55 F.4th 262, 271 (4th Cir. 2022) (internal quotation marks, brackets, and citation omitted). Although § 2255 includes a "savings clause" that preserves the availability of a habeas remedy "in cases where 'the remedy by motion is inadequate or ineffective to test the legality of [a prisoner's] detention,'" that clause "cover[s] unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court." Jones v. Hendrix, 599 U.S. ___, 143 S. Ct. 1857, 1866 (2023) (quoting 28 U.S.C. § 2255(e)); see also id. at 1868 ("After [the Antiterrorism and Effective Death Penalty Act of 1996], as before it, the savings clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence.").

Young has not established that a § 2255 motion would be "inadequate or ineffective to test the legality of [his] detention." 28 U.S.C. § 2255(e). He has not identified any "unusual circumstances" that would make it "impossible or impracticable" to seek relief from the sentencing court. Jones, 599 U.S. at 1868. As indicated above, his direct appeal is still pending. After that appeal is finalized, if he is not satisfied, he may file a § 2255 motion in the Northern District of Alabama challenging the validity of his sentence.* Consequently, the court lacks jurisdiction over his petition filed under § 2241.

## Conclusion

For the reasons stated herein, the court **DISMISSES** Young's petition without prejudice for lack of jurisdiction. An appropriate order will be entered.

Entered: August 3, 2023

Michael F. Urbanski
Chief United States District Judge

---

* A § 2255 motion must be filed in the "court which imposed the sentence." 28 U.S.C. § 2255(a). "The general rule is that a defendant may not seek collateral relief while his direct appeal is pending." United States v. Khoury, 901 F.2d 975, 976 (11th Cir. 1990).